IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DERRICK MILNER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:11-CV-136 CDL-MSH |
| | * | 28 U.S.C. § 2254 |
| ANTHONY WASHINGTON, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On September 21, 2011, Petitioner Milner, who is currently serving his sentence at Rutledge State Prison in Columbus, Georgia, filed the above-styled action. The record reveals that Petitioner was found guilty in the Randolph County Superior Court on January 4, 2006, of malice murder, two counts of felony murder, and two counts of aggravated assault. (Resp't's Ex. 8a; ECF No. 10) Petitioner was sentenced to serve life in prison plus twenty years on probation. (Resp't's Ex. 8a, pp. 343-44.) Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Supreme Court. (Resp't's Ex. 8d; pp. 2044, 2052-53.) On January 22, 2007, the Georgia Supreme Court affirmed Petitioner's convictions. *See Milner v. State*, 281 Ga. 612 (2007). The Georgia Supreme Court denied Petitioner's Motion for Reconsideration on February 26, 2007. (*Id.*)

On February 22, 2008, Petitioner filed a state habeas petition in the Telfair Superior Court which was ultimately denied on February 4, 2011. (Resp't's Ex. 3). Petitioner then filed a timely Application for Probable Cause to Appeal which was denied

by the Georgia Supreme Court July 11, 2011.  (Resp. Ex. 5).  Petitioner thereafter filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254.  Respondent filed his Answer-Response on November 28, 2011 (ECF No. 8-1), and his Exhibits were filed on December 1 and 5, 2011 (ECF Nos. 9-11).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been  previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

3

**Petitioner's Claims**

Petitioner's application for a federal writ of habeas corpus cites six grounds for relief. Specifically, Petitioner contends that: 1) trial counsel was ineffective due to "actions of commission and omission by [his] attorney and the state; 2) appellate counsel was ineffective due to the same acts of commission and omission; 3) he was denied a constitutionally fair trial; 4) prosecutorial misconduct; 5) he was deprived of an impartial panel from which to select jurors; and 6) miscarriage of justice. (ECF No. 1-1.)

## I.  Ineffective Assistance of Counsel

In **Grounds One and Two**, Petitioner alleges that he received ineffective assistance of trial and appellate counsel. (Pet'r's Pet. 6.) In his petition, Petitioner refers to "Attachment #2" and states as his only specific grounds for relief "[b]ecause of actions of commission and omission by attorney and because of actions by the State." (Pet'r's Pet. 5.) The Court will assume that Petitioner is making the same claims of ineffective assistance of counsel that he made in his state habeas petition because any other claims would be procedurally defaulted at this juncture. *See* O.C.G.A. § 9-14-51 and *Chambers v. Thompson.*, 150 F.3d 1324, 1327 (11th Cir. 1998).

The state habeas court, in finding that Petitioner's trial and appellate counsel was not ineffective, relied on the standard for determining whether counsel is ineffective as set out in *Strickland v. Washington,* 466 U.S. 668 (1984). (Resp't's Ex. 3, pp. 3-20.) *Strickland* held that, at least in regard to trial counsel, a successful claim of ineffective

assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-397, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).  The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392.  Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987).  Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington.*" *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions.  The *Williams* standard denies this court the authority

to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of trial and appellate counsel. The record reveals that the Telfair County Superior Court found that Petitioner's claims of ineffective assistance of counsel by both trial and appellate counsel provided him no basis for relief. (Res'p's Ex. 3, p. 3-20.

## II.   Procedural Default

In **Ground Three**, Petitioner argues that he was denied a constitutionally fair trial due to trial court bias, abuse of discretion and errors of law. (Pet'r's Pet. 8.) In **Ground Four,** Petitioner claims prosecutorial misconduct in the form of soliciting perjured testimony, mispresenting facts before the court and jury, tainting voir dire, and deliberately misleading the jurors as to facts during closing arguments. (*Id.* at 10.) In **Ground Five**, Petitioner argues that he was denied an impartial panel from which to choose a jury, was deprived of meaningful voir dire, and deprived of an impartial jury.

(*Id.* at 12.)

The Respondent argues that each of these claims is procedurally defaulted. The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

Furthermore, a federal court is barred from a review of a state prisoner's federal

claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991).  A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *McCleskey v. Zant,* 499 U.S. 467 (1991).  To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control "not merely . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes*.  433 U.S. 72.  A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91.  A petitioner's "failure to act or think

8

like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); s*ee McCoy v. Newsome,* 953 F.2d 1252 (1992).

The record reveals that **Grounds Three, Four and Five** were raised by Petitioner in his state habeas application filed in Telfair County. (Res'p's Exs. 2,3.) The state habeas court ruled that the claims were procedurally defaulted as they were not raised on direct appeal to the Georgia Supreme Court. The state habeas court correctly determined Petitioner's claims were procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336, S.E.2d 754 (1985), as Petitioner failed to raise the issues on direct appeal.

As to **Grounds Three, Four and Five**, Petitioner has failed to establish cause for his failure to timely raise the issues or establish that a miscarriage of justice occurred which would excuse the default on these claims. Thus, **Grounds Three, Four and Five** are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

### III.   Miscarriage of Justice

In **Ground Six,** Petitioner claims he is innocent but is incarcerated due to a miscarriage of justice. (Pet'r's Pet. 12.) The United States Supreme Court has held that if a habeas petitioner cannot escape the procedural default doctrine either through

showing cause for the default and prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), he may circumvent the requirement in specific instances by establishing a "fundamental miscarriage of justice," *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). That alternative method of escaping procedural default requires a colorable showing of actual innocence. *Id.*

In *Schlup*, the Supreme Court addressed the question of when a habeas petitioner can use a contention of actual innocence to excuse the procedural default of a claim so that the district court can review the merits of that claim.[1] The Court stated that

> "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."

*Id.* at 316.  The Court also noted that the actual innocence exception is a *narrow* exception. *McKay,* 657 F.3d at 1198; s*ee, e.g., Sawyer,* 505 U.S. at 340 (describing approvingly how, in previous cases, the Court had "emphasized the narrow scope of the fundamental miscarriage of justice exception")

---

[1]The petitioner in *Schlup* filed a second federal petition alleging, for the first time, that constitutional error, namely ineffective assistance of trial counsel, deprived the jury of critical evidence that would have established his innocence (i.e., counsel's failure to call certain alibi witnesses at trial).

In sum, in order to have an abusive, successive, or procedurally defaulted habeas claim heard on the merits, a petitioner who cannot demonstrate cause and prejudice must show that it is more likely than not that no (i.e. not any of them) reasonable juror would have convicted him in light of the newly discovered evidence of innocence. *McKay v. U.S.*, 657 F.3d 1190, 1195 (11th Cir. 2011); citing *Schlup* at 327; *see also id.* at 332 (O'Connor, J., concurring).

In this case, Petitioner merely states that "this Ground is presented as a claim to have the courts consider and rule upon the facts and laws presented in all other grounds and sub-grounds on their merits. Petitioner in this case failed to establish cause for failing to raise the procedurally defaulted issues in his direct appeal or prejudice resulting therefrom, nor has he made any viable colorable showing of actual innocence. Thus, Petitioner is not entitled to relief on this ground.

## IV.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it

11

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as well as his various pending motions, be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of January, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE